**Opinion filed July 22, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00225-CR

_____

## ROCKY DEE HIDROGO, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CR03104**

## MEMORANDUM OPINION

Appellant, Rocky Dee Hidrogo, Jr., filed a notice of appeal from an order that contains the trial court's postconviction DNA findings. *See* TEX. CODE CRIM. PROC. ANN. art. 64.04 (West 2018). The trial court found that the results of the forensic DNA testing were not favorable to Appellant. We affirm.

In 2009, Appellant was convicted of capital murder and sentenced to life without parole. In 2018, Appellant requested and was appointed an attorney pursuant to Article 64.01(c) to assist Appellant in filing a postconviction motion for

forensic DNA testing. *See id.* art. 64.01. Counsel filed such a motion. Thereafter, by agreement of the parties, the DPS lab reanalyzed the bloodstain evidence employing new protocols. However, the conclusion reached in the reanalysis was that Appellant could not be excluded as a contributor. According to the 2018 lab report, the DNA profile was determined to be a mixture of DNA from three individuals, and "[o]btaining this profile is 60.7 million times more likely if the DNA came from [Appellant] and two unknown individuals that if the DNA came from three unrelated, unknown individuals." Based on the 2018 lab report, the trial court found that it was "NOT reasonably probable" that Appellant "would not have been convicted" if the 2018 test results had been available at Appellant's trial. Appellant subsequently filed this appeal.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the

record, and we agree with counsel that no arguable grounds for appeal exist.[1] *See Barnes v. State*, Nos. 05-15-00007-CR, 05-15-00008-CR, 05-15-00009-CR, 2016 WL 3952116, at *1 (Tex. App.—Dallas July 19, 2016, pet. ref'd) (mem. op., not designated for publication) (agreeing that the DNA-related appeals were frivolous under circumstances similar to this case).

We affirm the order in which the trial court entered its findings on postconviction DNA testing.

PER CURIAM

July 22, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.